# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-00270 LJO<br>(6:11-MJ-00159 MJS) |
| Plaintiff, | ORDER ADDRESSING THIRD AND<br>FINAL APPELLATE ISSUE;<br>ORDER OF REMAND |
| vs. | |
| KATHLEEN CHAPIN-ASHCRAFT, | |
| Defendant. | |

The Court has now received the Government's Response to the Court's Order of August 23, 2013. The Court deems this matter to be under submission.

In the Court's order dealing with two of the three appellate issues, the Court asked the Government to address the legal/factual issue alleged by the Defendant: whether the Magistrate Judge (hereinafter referred to as the "M.J.") in any way unlawfully shifted the burden to the Defendant during the Violation Hearing. In the Government's response, it takes the position that the words of the M.J. were taken out of context, and that the judge's comments to the defendant were not related to any finding of fact regarding the violation at issue in the hearing. (In the September 21, 2012 Petition, Charge One alleges that the defendant failed to participate in a program of drug testing by tampering with the sweat patch. The M.J. found the allegation to be true).

In their argument, the Government acknowledges that the M.J., while discussing the abuse of drugs and the burden of proof from "just a logical standpoint, human nature standpoint," (M.J.'s words) did "briefly" (Government's word) mention the alleged violation for which the defendant was found to have violated.

More to the point, the problem with the Government's argument, and the M.J.'s comments, is that the issue of using, misusing, and/or abusing prescription drugs goes to the heart of the allegation of tampering with a drug sweat patch. In addition, the Defendant testified at the hearing, and thus her credibility during that testimony was a central issue in any findings of fact. The judicial comment that can't be explained away by an alleged slip of the tongue (see Government opposition, page 3:9-11) is as follows:

> "You don't have to prove your innocence, but I do believe it's in your interest to do so, to carry that burden in a way--because otherwise it reflects adversely on your credibility. And my point is simply this. I cannot imagine someone in your situation not going to the lengths to confirm. And when you don't--even though you maybe have no legal obligation to do so, it just causes great questions in my mind as to your credibility."

(Probation Violation transcript, January 29, 2013, Pages 74-75)

The burden was improperly shifted in the consideration of the crucial issue. The matter is vacated and remanded to the Magistrate Judge for a redo of the violation hearing, thereafter to be considered and determined based on the appropriate standard and burden.

IT IS SO ORDERED.

**Dated:   September 4, 2013         /s/  Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE